## RYDER & MITCHELL v. THE B., C. R. & N. R. Co.

1. **Common Carrier:** DELIVERY TO STRANGER: LIABILTY OF CONSIGNEE. Plaintiffs shipped certain hogs by defendant's road, prepaying charges ; at the place of destination they were taken from the carrier by a stranger and a drayman who was an employe of consignees, and taken by them to consignees, the stranger representing that he had bought them of consignors, and exhibiting an expense bill he had obtained from the carrier, whereupon he was paid for them by the consignees : *Held*, that the shipper could not recover from the carrier, but his remedy was against the consignees.

*Appeal from Benton Circuit Court.*

SATURDAY, JUNE 14.

ACTION to recover the value of fifty-eight dead hogs shipped upon defendant's road from Vinton to Cedar Rapids, under a consignment to Pomeroy & Olmstead, soap manufacturers at Cedar Rapids. The plaintiffs claim that while the hogs were received by the consignees, Pomeroy & Olmstead, they were not delivered to them by the defendant company, but were delivered to them by a stranger, to whom the hogs were delivered by the company. A person unknown to both the company and the consignees assumed to be the owner of the hogs, and obtained pay for them of the consignees. The company claims that the hogs were delivered by it to the consignees, and if not that the title passed directly from the plaintiffs to the consignees, and not through the stranger; that the consignees were not justified in paying the stranger, and were still liable to the plaintiffs, and consequently that the plaintiffs had sustained no damage. Other facts are stated in the opinion. There was a trial by jury, and verdict and judgment for the plaintiffs. The defendant appeals.

*J. & S. K. Tracy,* for appellant.

*Tewksbury & Worth,* for appellees.

Ryder & Mitchell v. The B., C. R. & N. R. Co.

ADAMS, J.—The hogs, upon their arrival at Cedar Rapids, were placed upon a side track, and were taken from a car 1. COMMON carrier: delivery to stranger: liability of consignee. upon the side track by the stranger and a drayman who was an employe of the consignees, and were carried to the consignees' soap factory, and there unloaded. One of the consignees was present at the time of the arrival of the hogs at the soap factory. The stranger accompanied the hogs from the car to the soap factory and represented to the consignees that he was the owner of them by purchase from the plaintiffs, the consignors. Previous to this he had obtained from the defendant company what is called the expense bill, which he exhibited to the consignees. Upon the strength of his statement that he was the owner, and the fact that the defendant company had delivered to him the expense bill, they paid him for the hogs. The court gave an instruction which is in these words: "If you find from the evidence that the hogs were obtained from the car on the side track by a stranger, assisted by the drayman of the consignees, but acting solely under the direction of the stranger and without authority from the consignees, then your verdict will be for the plaintiff for the value of the hogs, unless you find that the hogs were left on the side track by the direction of the consignees or their drayman." The giving of this instruction is assigned as error.

It is evident that the title to the hogs did not pass to the stranger. The consignees paid the wrong man. They, and not the defendant, are liable to the plaintiffs, unless there was something in the act of defendant which justified the consignees in assuming that the stranger owned the hogs. The defendant allowed the drayman and the stranger to take the hogs from the car. But in this we see no negligence on the defendant's part. The drayman and the stranger took the hogs from the car ostensibly for the consignees. The former appears to have been employed by the consignees as their general drayman, the consignees owning the dray. He was accustomed to take hogs from the defendant's cars to the

consignees' soap factory. In taking the hogs in question from the car to the factory he was acting apparently within the scope of his authority. He was assisted, it is true, by the stranger, but the stranger claimed to be acting also for the consignees, and not for himself. In the matter, then, of allowing the drayman and stranger to remove the hogs from the car to the factory, it appears to us that the defendant was not in fault. If there was any fault on defendant's part it was in giving the stranger the expense bill. It is contended by the plaintiffs that the defendant, in so doing, clothed him with the apparent ownership, and thereby misled the consignees.

A copy of the expense bill is given in evidence. It purports to be an account for the transportation of the hogs. But the amount charged does not appear, because the charges were prepaid. What purpose could properly be served by rendering an expense bill where the charges had been prepaid, does not appear from the evidence. It was demanded by the stranger, and appears to have been given because demanded. It did not show that he had paid the charges. The inference would be that they were paid by the consignors, but the expense bill did not show who they were. It contained the names of the consignees. An expense bill, if rendered at all, is, as we understand it, to be rendered to the consignees. The stranger, in demanding it in this case, represented that he was the agent of the consignees. The possession of it, so far as we can see, did not tend to show that he was consignor. If anything was to be inferred from his possession, it was, we think, that he had demanded and obtained it under a pretense of representing the consignees, which was the real fact. They were not justified, then, in being misled, and we see nothing in what the defendant did, to render it liable to pay for the hogs. The instruction given allowed the jury to so find. We think the court erred.

REVERSED.